FORM 3

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| PT ECOS JAYA INDONESIA AND<br>PT GRANTEC JAYA INDONESIA<br><br>    Plaintiffs,<br><br>        v.<br><br>UNITED STATES,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:  Court No. 24-00001<br>:<br>:<br>:<br>:<br>:<br>: |

# COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs, PT Ecos Jaya Indonesia and PT Grantec Jaya Indonesia (hereinafter, "Plaintiffs"), by and through their counsel, allege and state as follows:

## JURISDICTION

1. Plaintiffs bring this action pursuant to, and in accordance with, sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii)), contesting certain aspects of the final results issued by the U.S. Department of Commerce ("Commerce") in *Mattresses from Indonesia: Final Results of Antidumping Duty Administrative Review; 2021-2021*, 88 Fed. Reg. 85,240 (Dep't Commerce Dec. 7, 2023) ("*Final Results*"), as it applies to Plaintiffs. This Court has jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

2. Plaintiffs are foreign producers and exporters of subject merchandise, mattresses, and were mandatory respondents in the administrative review that is contested here. Therefore,

**Court No. 24-00001**                                                                                                                                   **Complaint**

Plaintiffs are interested parties within the meaning of 19 U.S.C. § 1677(9)(A). Plaintiffs actively participated in the administrative review through the submission of factual information and written arguments and, thus, are "part{ies} to the proceeding" as defined in 19 C.F.R. § 351.102(b)(36). Accordingly, Plaintiffs have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

3. The subject *Final Results*, which are being challenged herein, were published in the *Federal Register* on December 7, 2023. *See Final Results*, 88 Fed. Reg. 85240 (Dep't Commerce Dec. 7, 2023). On January 5, 2024, within 30 days after the publication of the subject *Final Results*, Plaintiffs timely filed a Summons to initiate this action. Accordingly, this action was commenced within the period specified in 19 U.S.C. § 1516a(a)(2)(B)(iii). This Complaint is being filed within 30 days after the date on which the Summons was filed.[1] Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(A)(i), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action has been timely brought.

## STANDARD OF REVIEW

4. This Court reviews actions concerning determinations issued by Commerce brought under 19 U.S.C. § 1516a(a)(2) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

---

[1] Because the 30-day deadline to file the complaint fell on a Sunday, the deadline moves to the next business day in accordance with Rule 6(a)(1)(C) of the Rules of the U.S. Court of International Trade.

**Court No. 24-00001**                                                                                                                **Complaint**

## PROCEDURAL HISTORY

5. On May 14, 2021, Commerce published an antidumping duty order covering mattresses from Indonesia. *See Mattresses from Cambodia, Indonesia, Malaysia, Serbia, Thailand, the Republic of Turkey, and the Socialist Republic of Vietnam: Antidumping Duty Orders and Amended Final Affirmative Antidumping Determination for Cambodia*, 86 Fed. Reg. 26,460 (Dep't Commerce May 14, 2021).

6. On July 14, 2022, Commerce initiated the first administrative antidumping review of mattresses from Indonesia covering the period of review ("POR"), i.e., November 3, 2020, through April 30, 2022. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 42,144 (Dep't Commerce July 14, 2022).

7. On August 5, 2022, Commerce issued a memorandum stating that it had selected PT Ecos Jaya Indonesia as a mandatory respondent in the first administrative review.

8. On August 8, 2022, Commerce issued an initial questionnaire to PT Ecos Jaya Indonesia for the first administrative review.

9. On August 22, 2022, PT Ecos Jaya Indonesia informed Commerce that it is affiliated with another Indonesian producer and exporter of the merchandise under consideration, PT Grantec Jaya Indonesia, and that Commerce should collapse the two entities into a single entity for antidumping purposes under 19 C.F.R. § 351.401(f).

10. In their same August 22, 2022, notification to Commerce, Plaintiffs advised Commerce that they did not have a viable home or third country market for the purposes of determining normal value.

11. On September 29, 2022, Commerce requested that interested parties submit comments and information for the purposes of determining constructed value ("CV") profit and selling expenses.

12. On October 20, 2022, Plaintiffs and other interested parties submitted CV and constructed export price ("CEP") profit and selling expense comments and information for Commerce's consideration. Subsequently, on October 31, 2022, Plaintiffs and interested parties submitted rebuttal CV and CEP profit and selling expense comments and information.

13. Between September 2022 and May 2023, Plaintiffs submitted timely responses to Commerce's initial antidumping duty questionnaire and several supplemental questionnaires.

14. On December 8, 2022, Commerce issued an affiliation and collapsing memorandum in which it determined to treat Plaintiffs as a single entity for antidumping duty calculation purposes.

15. On May 31, 2023, Commerce issued the preliminary results of the first administrative review in which it calculated a preliminary antidumping duty margin of 10.39 percent *ad valorem* for Plaintiffs. *See Mattresses from Indonesia: Preliminary Results of Antidumping Duty Administrative Review; 2020–2022*, 88 Fed. Reg. 37,027 (Dep't Commerce June 6, 2023), and accompanying unpublished Memorandum to Lisa W. Wang, Assistant Secretary for Enforcement and Compliance, entitled "Decision Memorandum for the Preliminary Results of Antidumping Duty Administrative Review; 2020-2021; Mattresses from Indonesia," (Dep't Commerce May 31, 2023).

16. Commerce preliminarily calculated CV and CEP profit and selling expense ratios by using an average from two surrogate sources: the 2021 financial statements of Masterfoam

**Court No. 24-00001**                                                                                                       **Complaint**

Industries Sdn. Bhd. ("Masterfoam"), a Malaysian producer of mattresses; and Kurlon Enterprise Limited ("Kurlon Enterprise"), an Indian mattress and retail conglomerate.

17. In October and November 2023, Plaintiffs and interested parties, including the Mattress Petitioners,[2] submitted case and rebuttal briefs. In their case brief, Plaintiffs argued that Commerce should calculate CV and CEP profit and selling expense ratios based only on the 2021 financial statements of Masterfoam.

18. On November 15, 2023, Commerce conducted a public hearing with legal representatives of Plaintiffs and the Mattress Petitioners in attendance.

19. On December 1, 2023, Commerce issued its *Final Results* in which it calculated a final weighted-average antidumping duty margin of 8.40 percent *ad valorem* for Plaintiffs. *See Final Results*, 88 Fed. Reg. at 85,240 (Dep't Commerce Dec. 7, 2023). As part of its final antidumping duty calculations, Commerce continued to apply CV and CEP profit and selling expense ratios sourced from both Kurlon Enterprise and Masterfoam.

20. The legal bases for Commerce's *Final Results* were set forth in an unpublished Memorandum to Abdelali Elouaradia, Deputy Assistant Secretary for Enforcement and Compliance, entitled "Issues and Decision Memorandum for the Final Results of the 2020-2022 Antidumping Duty Administrative Review: Mattresses from Indonesia" (Dep't Commerce Dec. 1, 2023).

21. On December 11, 2024, Plaintiffs filed a ministerial error allegation which raised an error in Commerce's calculation of the CV profit and selling expense ratios. Specifically,

---

[2] The "Mattress Petitioners" include Brooklyn Bedding, Corsicana Mattress Company, Elite Comfort Solutions, FXI, Inc., Innocor, Inc., Kolcraft Enterprises, Inc., Leggett & Platt, Incorporated, the International Brotherhood of Teamsters, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO.

Commerce continued to use Masterfoam's standalone company financial data, but modified the data used in the preliminary results by reducing Masterfoam's profit by the dividend income from associates and subsidiaries—which had been included in the general and administrative ("G&A") calculation as "Other Income."  However, Commerce inadvertently failed to reduce the cost of goods sold ("COGS") denominator—which includes both G&A and Other Income—by the same dividends in the denominator of the CV profit and selling expense ratios.

22. On January 8, 2024, Commerce issued a memorandum finding that Plaintiffs' allegation does not constitute a ministerial error within the meaning of 19 U.S.C. § 1673d(e) and 19 C.F.R. § 351.224(f).  Accordingly, Commerce declined to amend the *Final Results* to correct the ministerial error raised by Plaintiffs.

## ISSUES PRESENTED BY THE ACTION AND PLAINTIFFS' STATEMENT OF CLAIMS

23. In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's *Final Results* of its first antidumping duty administrative review were unsupported by substantial record evidence and/or were otherwise not in accordance with law.

## COUNT ONE

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. Commerce's determination to calculate CV and CEP profit and selling expense ratios based on the average of two surrogate sources, Masterfoam and Kurlon Enterprise—despite substantial record evidence demonstrating that Kurlon Enterprise is an unsuitable and less similar source of CV profit and selling expenses—was unreasonable, unsupported by substantial record evidence, and otherwise not in accordance with law.  By choosing to include a

Case 1:24-cv-00001-N/A   Document 8   Filed 02/05/24   Page 7 of 9

Court No. 24-00001                                                                                              Complaint

second surrogate source with dissimilar business operations and sales channels to that of Plaintiffs, Commerce unreasonably and unlawfully introduced distortions and inaccuracies into the weighted-average antidumping duty calculations.

## COUNT TWO

26. Paragraphs 1 through 25 are incorporated herein by reference.

27. Commerce's rejection of Plaintiffs' ministerial error allegation was unreasonable, unsupported by substantial record evidence, and otherwise not in accordance with law. Plaintiffs brought forth an unintentional error to Commerce's attention which plainly met the definition of a "ministerial error" as defined by 19 C.F.R. § 351.224(f). Commerce, therefore, should have amended the *Final Results* by adjusting the COGS denominator by the same amount of dividends that it deducted from the numerator, but unreasonably and unlawfully failed to do so.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

28. For the reasons stated above, Plaintiffs respectfully request that the Court:

    (a) enter judgment in Plaintiffs' favor;

    (b) declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

    (c) remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of Plaintiffs' antidumping duty margin; and

    (d) provide such other relief as the Court deems just and proper.

**Court No. 24-00001**                                                                                                  **Complaint**

                                  Respectfully submitted,

                                  /s/ Jarrod M. Goldfeder
                                  Jarrod M. Goldfeder
                                  MacKensie R. Sugama

                                  TRADE PACIFIC PLLC
                                  700 Pennsylvania Avenue, SE
                                  Suite 500
                                  Washington, DC  20003
                                  Tel:  (202) 223-3760
                                  Email:  jgoldfeder@tradepacificlaw.com

Dated:  February 5, 2024                     *Counsel to Plaintiffs*

**Court No. 24-00001**                                                                                          **Complaint**

# UNITED STATES COURT OF INTERNATIONAL TRADE

*PT Ecos Jaya Indonesia et al., v. United States,*
**Court No. 24-00001**

### CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2024, copies of the foregoing Complaint were served by certified mail, return receipt requested, on the following parties:

**On behalf of the United States of America:**

| | |
|---|---|
| Joshua E. Kurland, Esq.<br>U.S. DEPARTMENT OF JUSTICE<br>International Trade Field Office-Civil Division<br>26 Federal Plaza<br>Room 346<br>New York, NY  10278 | Jesus N. Saenz, Esq.<br>Of Counsel<br>U.S. DEPARTMENT OF COMMERCE<br>Office of the Chief Counsel for<br>Trade Enforcement and Compliance<br>1401 Constitute Avenue, NW<br>Room 3629<br>Washington, DC  20230-0001 |

**On other counsel that represented interested parties before**
**the U.S. Department of Commerce in the contested determination:**

| | |
|---|---|
| Yohai Baisburd, Esq.<br>*Representative of Brooklyn Bedding, et al.*<br>CASSIDY LEVY KENT (USA) LLP<br>900 19th Street<br>Suite 400<br>Washington, DC 20006<br>Email:  records@cassidylevy.com | J. David Park, Esq.<br>*Representative of PT. Zinus Global Indonesia and Zinus Inc.*<br>Arnold & Porter Kaye Scholer LLP<br>601 Massachusetts Ave., NW<br>Washington, DC 20001<br>Email: david.park@apks.com |

 

/s/ Jarrod M. Goldfeder
Jarrod M. Goldfeder
TRADE PACIFIC PLLC